IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| AUDIE GROGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1260-JDT-egb |
| | ) | |
| DR. DIETZ, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND
NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On October 27, 2015, Plaintiff Audie Grogg, who was, at the time, incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on October 28, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On August 4, 2016, the Court dismissed the complaint for failure to state a claim but granted leave to amend within thirty days. (ECF No. 7.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 11.)

Plaintiff's copy of the order of dismissal was returned undeliverable on August 12, 2016, marked "Inmate Paroled/Discharged." (ECF No. 8.) Plaintiff also has not filed an amended

complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the August 4, 2016, order of dismissal.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the fourth dismissal of one of his cases as frivolous or for failure to state a claim.[1] This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is warned that he will be barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Under those circumstances, if any civil action filed by Plaintiff is not accompanied either by the civil filing fee or by allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury, the

---

[1] *See Grogg v. Tenn. Supreme Ct.*, No. 3:16-CV-00160-TWP-HBG (E.D. Tenn. May 2, 2016) (dismissed for failure to state a claim); *Grogg v. State of Tenn., et al.*, No. 2:15-CV-00299-JRG-MCLC (E.D. Tenn. Apr. 29, 2016) (dismissed for failure to state a claim), *appeal docketed*, No. 16-5733 (6th Cir. May 26, 2016); *Grogg v. Beck, et al.*, No. 2:13-cv-00129-RLJ (E.D. Tenn. Feb. 10, 2014) (dismissed for failure to state a claim), *appeal dismissed*, No. 14-6112 (6th Cir. Dec. 3, 2014).

complaint will be filed, but Plaintiff will be required to remit the full civil filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account.[2]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.